**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| North American Butterfly Association, | No. 1:17-cv-2651 (RJL) |
| Plaintiff, | |
| -against- | |
| Kirstjen M. Nielsen, *in her official capacity* as Secretary, United States Department of Homeland Security, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM LCvR 7(n)**

Defendants want this Court simply to accept their claim that their actions cannot be reviewed by this Court based on their selective presentation of bits and pieces of the administrative record, but they don't want to reveal the full contents of the administrative record that would assist Plaintiff and the Court to come to their own conclusions about finality and justiciability.  Instead, Defendants simply skipped filing the certified list of the contents of the administrative record required by Local Civil Rule 7(n) in connection with those of Plaintiff's claims that seek judicial review on an administrative record and asked the Court to excuse their omission after the fact.  Defendants should not be allowed to select portions of the administrative record to present to the Court on the question of finality without disclosing a list of everything in the record, and they should not be allowed to ignore the rules that govern practice in this Court.

Defendants try to argue that LCvR 7(n) is wholly inapplicable because, they insist, there is no final reviewable agency action to construct a border wall on Plaintiff's property (Defs' Mem. at 1-2).  Not surprisingly, Defendants cite no authority for that proposition and the broad wording of Rule 7(n) does not support it.  In this District, where many lawsuits challenging the actions and inactions of administrative agencies are brought, those who formulated Local Civil Rule 7(n) had to know from experience that the government often moves to dismiss for lack of finality; and yet they did not provide for any exception to Rule 7(n) for dispositive motions based on lack of finality.  Instead, the rule is written broadly to require agencies to file a certified list of the contents of the administrative record simultaneously with any pre-answer dispositive motion. Defendants' unsupported claim that Rule 7(n) only should apply to motions for summary judgment (Defs' Mem. at 6) is similarly contrary to the language of the rule and ungrounded in case law.

Defendants also claim that their jurisdictional defense obviates the need for the Court to consider the administrative record at all.  But it is precisely Defendants' contention that this Court lacks jurisdiction because of ripeness that places the status of the administrative record squarely before the Court.  Indeed, Defendants have selected at least two documents from the administrative record to include as support for their motion to dismiss—Exhibits E and H to the Declaration of Paul Enriquez, dated May 17, 2018. Given the relevance of the administrative record to Defendants' ripeness defense and Defendants' selective presentation to the Court of items from the record in support of

their motion, the Court needs a sense of the full scope of the administrative record in order to rule.

This Court's decision in *Vargas v. McHugh,* 87 F. Supp. 3d 298 (D.D.C. 2015) is instructive.  In *Vargas* as in the present case, the government moved to dismiss for lack of jurisdiction as well as for failure to state a claim.  When the plaintiff sought to compel production of the administrative record, the government tried to counter that the Court had no need to look into the full record in order to decide the motion.  Analogously to our case, however, the government had "relie[d] on a miscellany of documents, many of which might properly appear in an administrative record."  87 F. Supp. 3d at 301 (internal quotation marks and citation omitted).  The Court observed that "where one party might be unaware of some parts of the record, failure to produce the Record in its entirety would produce 'asymmetry in information [that] undermines the reliability of a court's review upon those portions of the record cited by one party or another.'"  *Id.* at 302 (quoting *Boswell Memorial Hosp. v. Heckler,* 749 F2d 788, 793 (D.C. Cir. 2010)).  Accordingly, the Court ordered the government to produce the administrative record.

Defendants' citation to some cases in which the Court excused compliance with Rule 7(n) (Defs' Mem. at 6) is unavailing.  The cases all are distinguishable on various grounds, but most importantly none involved a motion to dismiss asserting a ripeness defense based on lack of agency action—indeed, our research failed to turn up any such case.  The absence of any such rulings reinforces that, when Defendants place the administrative record squarely at issue as they have with their ripeness defense in this case, compliance with Rule 7(n) should not be excused.

1004390460v1

For the foregoing reasons, Plaintiff respectfully requests that this Court deny

Defendants' Motion for Relief from LCvR 7(n) and grant Plaintiff such further relief as

the Court deems just and proper.

Dated: New York, New York
      June 8, 2018

DEBEVOISE & PLIMPTON LLP


By: *s/Timothy K. Beeken*
    Timothy K. Beeken (N.Y. Bar No. 2492650)
    (tkbeeken@debevoise.com)
    Harry Zirlin
    (hzirlin@debevoise.com)
    David Donatti
    (ddonatti@debevoise.com)

919 Third Avenue
New York, NY  10022
(212) 909-6000

*Attorneys for Plaintiff*

4