# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORTH AMERICAN BUTTERFLY ASSOCIATION**,<br><br>  Plaintiff,<br><br> v.<br><br>**NIELSEN**, *et al.*,<br><br>  Defendants. | No. 1:17-cv-2651-RJL |

### REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Timothy K. Beeken
(tkbeeken@debevoise.com)
(N.Y. Bar No. 2492650)
Harry Zirlin
(hzirlin@debevoise.com)

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

December 26, 2018                                           *Attorneys for Plaintiff*

ii

# **TABLE OF CONTENTS**

I.   Plaintiff Need Not Amend Its Complaint to Update the Factual Record in Opposition to a Motion to Dismiss for Lack of Subject Matter Jurisdiction ...................... 1

II.  Defendants' Further Argument in Support of Their Motion to Dismiss Is Unavailing ................................................................................................................ 3

    A.   NEPA & ESA Claims ................................................................................... 3

    B.   Unreasonable Seizure of Property under Fourth Amendment ............................... 3

    C.   Deprivation of Property Without Due Process under Fifth Amendment ................ 4

## TABLE OF AUTHORITIES

*Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) .................................................. 7

*Fuentes v. Shevin*, 407 U.S. 67 (1972) ...................................................................................... 6

*Oliver v. U.S.*, 466 U.S. 170 (1984) ........................................................................................... 4

*U.S. v. Miller*, 799 F.3d 1097 (D.C. Cir. 2015) ....................................................................... 4

*Venetian Casino Resort v. EEOC*, 409 F.3d 359 (D.C. Cir. 2005) ....................................... 2

**INTRODUCTION**

Defendants go to great lengths to try to keep their outrageous, illegal conduct out of the record and to obfuscate the simple gravamen of Plaintiff's constitutional claims: Defendants' activities at the National Butterfly Center interfere so severely with NABA's property rights that they effectively have seized NABA's property in violation of the Fourth Amendment prohibition against unreasonable seizure of property and the Fifth Amendment prohibition against depriving a citizen of property without due process of law. Defendants mischaracterize their own motion to dismiss for lack of jurisdiction as a motion to dismiss for failure to state a claim so they can misleadingly argue that NABA should have amended its complaint instead of proffering facts in support of this Court's jurisdiction as evidence in the form of a declaration. They also continue to maintain that this Court lacks the power to enjoin their unconstitutional activities on NABA's property. These arguments are unavailing, and the Court should grant NABA leave to file the Third Declaration of Marianna T. Wright ("Third Declaration").

**ARGUMENT**

**I.  Plaintiff Need Not Amend Its Complaint to Update the Factual Record in Opposition to a Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants betray their disingenuousness through their arguments that the Court cannot consider matters outside the complaint on a motion to dismiss for failure to state a claim. ECF No. 38, Defs.' Opp. to Pl.'s Motion for Leave to File Suppl. Decl. at 3. In fact, the primary basis defendants have urged for dismissal of the amended Complaint is lack of jurisdiction, not failure to state a claim.

Defendants' Motion to Dismiss chiefly asserts subject matter jurisdiction defenses pled under Federal Rule of Civil Procedure 12(b)(1). ECF No. 25, Defs.' Mem. in Support of Motion to Dismiss at 2, 11 & 15 (contending Plaintiff's NEPA claim is unripe); at 19–22 (contending Plaintiff's ESA claim is unripe); at 22 (arguing in the alternative that Plaintiff's ESA claim fails to state a claim); at 2 (contending Plaintiff's constitutional claims are unripe); at 27 (contending Plaintiff's deprivation without due process claim is unripe); at 8–10 (arguing for standard of review under Rule 12(b)(1), not Rule 12(b)(6)).

It is beyond dispute that courts deciding a motion to dismiss under Rule 12(b)(1) "may consider materials outside the pleadings." *Venetian Casino Resort v. EEOC*, 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case—a dismissal under Rule 12(b)(1) on ripeness grounds—the court may consider materials outside the pleadings") (*citing EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 n. 3 (D.C. Cir. 1997)). Defendants admit as much in their opposition to NABA's Motion for Leave: "this Court may go beyond the pleadings to determine whether it has jurisdiction to hear a case." ECF No. 38 at 3.

As stated in our Memorandum of Points and Authorities in Support, the Third Declaration addresses Defendants' subject matter jurisdiction defenses. ECF No. 37 at 2, Dec. 5, 2018 ("The facts attested to in the Declaration further substantiate that NABA's claims are neither moot nor unripe."). Accordingly, NABA's proffer of these facts in the form of evidence rather than an amended pleading is entirely appropriate, and this Court may admit the Third Declaration and consider it when reviewing Defendants' Motion to Dismiss.

**II.     Defendants' Further Argument in Support of Their Motion to Dismiss Is Unavailing.**

   **A.     NEPA & ESA Claims**

Defendants repeat their argument that NABA's claims under NEPA and the ESA are unripe due to lack of final agency action. ECF No. 38 at 4. Not only has NABA filed overwhelming evidence to the contrary, but Defendants already have admitted in their Supplemental Motion to Dismiss, ECF No. 34, that the event they say signals final agency action—Defendant Nielsen's determination under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") to waive application of NEPA, the ESA and other statutes to construct the border wall across NABA's property—has taken place. *See* ECF No. 25-1 at 16 (IIRIRA determinations "invariably render[] an identifiable final agency action").

Defendants also repeat their contention that Defendant Nielsen canceled NABA's NEPA and ESA claims against her and her subordinate co-defendants with her purported IIRIRA waiver. As demonstrated in NABA's Opposition to Defendants' Supplemental Motion to Dismiss, however, that purported waiver is *ultra vires* and therefore has no effect other than to signal final agency action. *See* ECF No. 35, Pl.'s Opp. to Suppl. Motion to Dismiss for Lack of Jurisdiction at 7–9, 12–13.

   **B.     Unreasonable Search and Seizure of Property under Fourth Amendment**

Defendants' continued invocation of the open fields doctrine ignores the branch of NABA's Fourth Amendment claim that Defendants' activities have effected an unreasonable *seizure* of NABA's property. The open fields doctrine concerns the reasonableness of *searches* vis-à-vis reasonable expectations of privacy. *Oliver v. U.S.*,

3

466 U.S. 170, 180 (1984). But "[i]t is well established that the reasonableness of a seizure turns on the nature and extent of interference with possessory, rather than privacy, interests." *U.S. v. Miller*, 799 F.3d 1097, 1102 (D.C. Cir. 2015). Not surprisingly, given the exclusive focus on privacy rights in open fields cases, Defendants have cited no authority that would strip away the right against unreasonable seizure of real property based on how or whether it is developed.

In relation to the branch of NABA's Fourth Amendment claim that Defendants' activities include unreasonable searches at the Butterfly Center, the fact-finding Defendants ask of the Court to dismiss this claim under Rule 12(b)(6) is simply impermissible at this juncture. Which portions of Butterfly Center property are truly undeveloped land as opposed to curated natural landscaping installations and curtilage around Butterfly Center buildings, as well as the relationship between NABA's privacy interests and Defendants' authority to patrol, involve factual questions that must be resolved at trial.

### C.  Deprivation of Property Without Due Process under Fifth Amendment

Defendants continue to try to shoehorn NABA's Fifth Amendment claim into a takings claim that is governed by the Tucker Act and Little Tucker Act. In fact, NABA's claim is based on the due process clause of the Fifth Amendment and Defendants' ongoing activities that have deprived and continue to deprive NABA of its property rights in the National Butterfly Center. The relief sought is not compensation but rather a declaration that Defendants' conduct violates the due process clause and an injunction to prevent their

continuing lawless behavior. ECF No. 19, Am. Compl. ¶¶ 80–83 (Third Claim for Relief: Deprivation of Property Without Due Process of Law).

Defendants' invocation of the Little Tucker Act in their opposition to the Third Declaration is premised on their general, erroneous argument that NABA has alleged only lawful actions by Defendants against its property rights. In fact, NABA alleges that Defendants' presence and activities on its property are unauthorized. ECF No. 19 ¶¶ 80–81. Specific instances of unauthorized activities that interfere with NABA's property rights include, among others, placing surveillance equipment on NABA's property without permission, *id*. ¶ 59 (Defendant Padilla's after-the-fact advice that CBP had placed sensors on NABA's property); prohibiting NABA from securing its property against intruders, *id*. ¶ 60 (Defendant Padilla's threat to cut down any locks or gates NABA placed on its property); perpetrating a campaign of harassment against Butterfly Center staff and visitors, *id*. ¶ 61 (Defendants' arbitrary detention of NABA staff and guests); and prohibiting Butterfly Center staff and guests from freedom of movement on and access to NABA's land, *id*. ¶ 62 (CBP officers regularly stationed at Butterfly Center restrict access to the Center and confront staff and visitors despite their clear identification as such).

In response to Defendants' jurisdictional challenges to the Amended Complaint, NABA provided the Court with specific evidence that the conduct it alleged was continuing six months after this action was commenced, in its June 2018 Opposition to Defendants' Motion to Dismiss. ECF No. 30. In the Declaration of Marianna Treviño Wright, ECF No. 30-1, NABA detailed further harassment of Butterfly staff and visitors, ¶¶ 5 & 17–19; destruction of wide swaths of restored natural landscape, ¶¶ 7–8; further

destruction of locks and gates, ¶ 21; and preventing access to 70% of the Butterfly Center property, ¶ 22. The Third Declaration details further unlawful activity since NABA's June 2018 submissions, including destruction of roadways and leaving gates at the Butterfly Center open, ECF No. 37-1 ¶ 4; interference with videotaping for a Butterfly Center marketing project, *id.* ¶ 6; harassing attendees and the keynote speaker at the Texas Butterfly Festival at the Butterfly Center, *id.* ¶ 7; a continuing pattern of arbitrary stops of Butterfly Center personnel, *id.* ¶ 8; and misrepresenting to visitors looking for the Butterfly Center that it had closed, *id.* ¶ 9.

Defendants try to pass off such conduct as authorized "patrolling" that supposedly is "reasonable and necessary" to prevent persons from illegally entering the United States. NABA does not contest that some of the Customs and Border Patrol's activity at the Butterfly Center over the years has fallen within the scope of legitimate patrolling as established by 8 U.S.C § 1357(a)(3), and indeed Butterfly Center staff have supported and assisted the CBP's efforts to prevent illegal entry of aliens. *See* ECF No. 30-1, Wright Decl. ¶ 4. But the conduct at issue cannot be viewed as a good faith exercise of the CBP's power to patrol; it is unlawful. Defendants have cited no authority that would render their arbitrary harassment and intimidation of property owners and wanton violation of their property rights acceptable under the Constitution.

"The prohibition against the deprivation of property without due process of law reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference." *Fuentes v. Shevin*, 407 U.S. 67, 81 (1972). The Supreme Court has "long . . . recognized [injunctive

relief] as the proper means for preventing entities from acting unconstitutionally." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001).

It is thus clear that this Court has the power to enjoin Defendants' deprivation of NABA's property without due process, and NABA proffers the Third Declaration to demonstrate that this Court continues to have jurisdiction to enjoin Defendants' illegal conduct. The Little Tucker Act as well as the Tucker Act are inapplicable.

## CONCLUSION

As demonstrated in our opening Memorandum of Points and Authorities, the existence of ongoing or recurring illegal conduct is a factor in the Court's power to grant injunctive relief, and Defendants have challenged the Court's jurisdiction over NABA's claims variously on grounds of ripeness and mootness under Federal Rule of Civil Procedure 12(b)(1). ECF No. 37, Mem. in Support of Motion for Leave to File Suppl. Decl. at 3. Accordingly, the Court plainly has discretion to grant leave to file the Third Declaration inasmuch as it further tends to establish that NABA's constitutional claims are justiciable and warrant injunctive relief.

Dated: New York, New York
December 26, 2018

          DEBEVOISE & PLIMPTON LLP

          By:   */s/ Timothy K. Beeken*
          Timothy K. Beeken (tkbeeken@debevoise.com)
          (N.Y. Bar No. 2492650)
          Harry Zirlin (hzirlin@debevoise.com)

          919 Third Avenue
          New York, NY  10022
          (212) 909-6000

          *Attorneys for Plaintiff*